McCay, Judge.
When an award is returned to the Superior Court and spread upon its minutes, it is subject to exceptions, on the ground that it is the result of accident, mistake or fraud of some one or all of the arbitrators or parties, or is otherwise illegal. These exceptions must be in writing and be under oath: Revised Code, section 4184. If the • exceptions set forth such facts as show that if these facts be true, any of the causes for setting aside an award exist, and the statement is not diputed, it is a mere question of law whether the award falls or not. There is no issue, no question of fact for trial, and the jury has nothing to. do with it. If the exception be that there was a mistake made of a material character, in its effect upon the result, such a detail of the facts must be made as will satisfy the Court that if they be correctly stated, there has been such a mistake as requires the award to be vacated.
In the case now before us, the excepting party alleges a mistake in this, that the evidence before the arbitrators is so distinct, clear and uncontradicted, that Phillips never paid the $3,500 00, or arranged it for their benefit and to their credit with Phillips & Flanders, that it only can be by some strange mistake that the arbitrators have decided in his favor ón this point.
We are not clear that the evidence as set forth and actually contained in the exceptions does not affirmatively show sufficient to rebut this presumption, since both Phillips and his son swear that Richmond & Company did get credit on the books of Phillips & Flanders for this sum, and it may be that the arbitrators did in fact deduct it from Phillips & Flanders’ account. It is plain that they deducted something, since they reduced-the account to less than $5,000 00. But the exceptions *show that the books of Phillips & Flanders and of Richmond & Company were before the arbitrators, and that the Judge in his decision of the demurrer was, by consent, to consider the books — then in Court — as before him, and as forming an exhibit to the exceptions.
It appears that this exhibit has never been perfected. The record, as now before us, under the certificate of the clerk of the Superior Court, contains no such abstract of the contents of the books.
It is true that the record does contain a long account of Richmond & Company attached as an exhibit to their plea in the original suit, and also an account of Phillips & Flanders’ attached in the same way to their original declaration. But both of these only purport to be the debit side of their respective books, and we do not know that the books, if inspected, would support either of them. It is also true that the bill of exceptions contains an account of Phillips & Flanders, with an admission that this is their account as introduced in evidence to the arbitrators; but even this does not purport to bt an abstract of the books as they were before the Judge at the hearing. An abstract of these books is a necessary part of a complete record *407 of the case. The contents of the books were a necessary part of the exceptions to the award, and though the parties might consent for the Judge to use the books instead of an abstract of them, the record is not perfect for a hearing before this Court until that abstract is attached to the exceptions. We can only know what the record is by the certificate of the Clerk, or by the agreement of the parties, not even the Judge has a right to certify what the record is.
We cannot, therefore, undertake to do anything but affirm this judgment. The parties have seen fit to come before us with a record that does not show the Judge to be in error.
Judgment affirmed.